**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40864**

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENTAL RIGHTS OF JOHN (2013-08) DOE. | ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) | 2013 Unpublished Opinion No. 572 |
| | ) | Filed: July 9, 2013 |
| Petitioner-Respondent, | ) ) | |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JOHN (2013-08) DOE, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cathleen MacGregor-Irby, Magistrate.

Order terminating parental rights, <u>affirmed</u>.

Theresa A. Martin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Marcy J. Spilker, Deputy Attorney General, Lewiston, for respondent.

---

MELANSON, Judge

John Doe appeals from the magistrate's order terminating his parental rights. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

On January 29, 2012, law enforcement declared Doe's child (and the child's two siblings--unrelated to Doe) to be in imminent danger because of unsafe living conditions in the mother's home. These conditions warranted prompt removal for the safety of Doe's child. At this time, Doe's whereabouts were unknown. A shelter care hearing was held in which the mother was present but Doe was not. The magistrate entered a default as to Doe and ordered that

1

temporary custody of the child be given to the Department of Health and Welfare pending an adjudicatory hearing.

At the permanency hearing, the magistrate approved a plan of termination of parental rights and adoption. At the subsequent trial, the Department called the social worker and the guardian ad litem of the child to testify. Doe appeared through his attorney, but was not present at the hearing. Doe declined the opportunity to testify via telephone and did not call any witnesses. The magistrate issued a memorandum decision and order that concluded Doe abandoned his child and that termination of parental rights was in the best interest of the child. Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). *See also Quilloin v. Walcott*, 434 U.S. 246, 255 (1978). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). "Implicit in [the Termination of Parent and Child Relationship Act] is the philosophy that wherever possible family life should be strengthened and preserved . . . ." I.C. § 16-2001(2). Therefore, the requisites of due process must be met when the Department intervenes to terminate the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the Department prove grounds for terminating a parent-child relationship by clear and convincing evidence. *Id*.

Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by "clear and convincing evidence." *Santosky v. Kramer*, 455 U.S. 745, 746 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights

be terminated. *Id.* The Idaho Supreme Court has also said, however, that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence, than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits the Department to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period which will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Abandonment means that the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. I.C. § 16-2002(5). Failure of the parent to maintain a normal parental relationship without just cause for a period of one year constitutes prima facie evidence of abandonment. *Id.* There is no universal standard for what constitutes a normal parental relationship and whether such a relationship exists depends on the facts and circumstances of each case. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). The petitioner bears the burden of persuasion to demonstrate that the respondent lacks a normal parental relationship with the child and that there is no just cause for the failure to maintain such a relationship. *Id.* If the petitioner is able to meet this burden, the respondent then has the burden of production to present evidence of just cause. *Id.* If the magistrate finds that just cause has not been established, the petitioning party has met its burden of persuasion. *Id.* The trier of fact must consider relevant, admissible evidence of an issue relevant to the abandonment inquiry, including just cause. *Doe*, 143 Idaho at 192, 141 P.3d at 1061.

### III.

### ANALYSIS

Doe argues there was insufficient evidence to support the magistrate's determination that clear and convincing evidence had been adduced at trial to confirm Doe abandoned his child within the meaning of I.C. § 16-2002(5). Specifically, Doe asserts the magistrate ignored relevant evidence of Doe's conduct and also ignored the Department's lack of conduct.[1] Doe also argues that the magistrate erred in determining that termination was in the best interest of the child. The state contends substantial and competent evidence supports the conclusion that Doe abandoned the child without just cause and that termination was in the best interest of the child.

### A.    Abandonment

With respect to contact with the child, the social worker testified to the following. At the time of trial, Doe had never seen or met his child, who was three years of age. On a number of occasions while working on the case, the social worker encouraged Doe to come from Washington to Boise to visit his child. When this encouragement failed to work, the social worker informed Doe that the Department would pay for transportation and a hotel if Doe would come and visit his child. Despite this offer, Doe still failed to come and meet his child.

The social worker also testified regarding details of an interstate compact request made in Washington. The compact sought to evaluate the possibility of placing Doe's child with him in Washington. The social worker indicated that this request was denied due to Doe's mental health, lack of stable housing, use of marijuana without a prescription, lack of hygiene, lack of social skills, and lack of compliance with a request for fingerprints of Doe and Doe's roommates.

Doe attempted to explain his lack of contact with his child by asserting that the mother attempted to keep his child from him by moving from state to state. However, no other evidence in the record supported this. Doe also asserted he needed to stay in Washington in order to "pay his bills." However, Doe did not testify and explain what he meant by this. Further, having to pay bills does not justify the lack of contact Doe exhibited in this case. Doe's extent of contact with his child consisted of him sending a picture of himself, placing one phone call to the foster parent of the child, and maintaining contact with the social worker. Other than these few items,

---

[1]    It appears that Doe is referring to evidence of the Department's reasonable efforts to assist Doe in complying with his case plan and being reunited with the child.

Doe did not offer any other evidence of attempts to contact his child or provide reasons why he was unable to do so. Ultimately, Doe never spoke with his child over the phone.

While Doe contends that the Department did not make sufficient efforts to arrange contact between him and his child, this assertion is belied by the record. As the magistrate found, the Department was restricted in its ability to work with Doe because he lived out of state and showed no interest in travelling to Idaho even after the Department offered to pay his expenses. Further, after the interstate compact request was denied, the Department was precluded from sending the child out of state to visit Doe and was unable to place the child with Doe out of state. The magistrate's conclusions that Doe abandoned his child under I.C. § 16-2002(5) and that the Department made reasonable efforts to assist Doe with complying with the case plan and being reunited with his child are supported by substantial and competent evidence.

## B.    Best Interest of the Child

Doe also argues there is not substantial and competent evidence to support the magistrate's conclusion that termination of Doe's parental rights was in his child's best interest. The state argues there is substantial and competent evidence in the record, including testimony from the social worker and the guardian ad litem, indicating it was in the child's best interest to terminate parental rights.

At trial, as noted above, the social worker testified to Doe's complete lack of contact with his child despite the Department's attempts to encourage him to establish some type of relationship. The guardian ad litem testified and confirmed that Doe's child had never met Doe. The guardian ad litem also testified that Doe's child had never asked about Doe, expressed any desire to meet Doe, nor expressed any knowledge as to who Doe was. The guardian ad litem further testified that Doe's child was healthy and happy with the current situation.

In the memorandum decision and order, the magistrate concluded as follows:

> [Doe] did not even take the time to appear in court for the termination trial. He has literally put forth the slightest possible effort in evidencing any desire or ability to take on the role of parent to [his child]. This court does not even know if [Doe] could honestly say that he loves his child; [Doe] does not know her and has never made any sincere or meaningful effort to get to know her[.]
>
> The evidence before this court is that [Doe] has never been a regular caregiver to his child. There is no evidence to convince this court that he is in a position to be a parent to his child now or in the future.

The testimony at trial established that this child needs stability and permanency. [Doe] has demonstrated only a slight, albeit passing interest in being a parent to her. He has not demonstrated that he would commit to her the way a parent must when being an active, loving caregiver.

This court has previously found that termination of the Mother's rights is in the child's best interest.

Accordingly, it is also in the best interest of this child that [Doe's] rights be terminated.

The record supports this conclusion and Doe's stated challenges do not demonstrate that the magistrate's decision was not supported by substantial and competent evidence.

## IV.

## CONCLUSION

The magistrate did not err in deciding that Doe's parental rights should be terminated because he abandoned his child within the meaning of I.C. § 16-2002(5). In addition, the magistrate did not err in concluding that termination was in the child's best interest. Therefore, the magistrate's order terminating Doe's parental rights is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**